IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**BARTLETT ELLIOTT,**

        Plaintiff,

vs.                                               Civ. No. 06-413 ACT/WDS

**GERALD BUSSE,**

        Defendant.


**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's civil rights complaint. Plaintiff is appearing *pro se* and proceeding *in forma pauperis*. [Docket No. 2.]  For the reasons stated below, the Court will dismiss the complaint.

    The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) at any time if the action... "is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Rule 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dept. of Human Services*, 925 F.2d

1

363, 365 (10th Cir. 1991)). In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir 1992).

Plaintiff alleges that he and his wife were constructively evicted from a mobile home. He alleges that the mobile home the rented was uninhabitable and thus he and his wife had to move out. He alleges that the Defendant Gerald Busse, is the landlord. In the *pro se* form complaint completed by the Plaintiff, the form states that "[j]urisdiction is invoked pursuant to 28 U.S.C. § 1343(d), 42 U.S.C. § 1983." For the following reasons, the Court determines it lacks subject matter jurisdiction over Plaintiff's case.

Federal courts are courts of limited jurisdiction. *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986). There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.SC. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.. *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).

Plaintiff's Complaint fails to establish federal question jurisdiction. Federal question jurisdiction exists where the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Here, Plaintiff's claim does not arise under federal law. Plaintiff's claim arises from the constructive eviction from a rented mobile home which is a state law claim. NMSA 1978 § 47-8-20 (1998).

To the extent Plaintiff seeks to assert a claim under 28 U.S.C. § 1343(3) or 42 U.S.C. § 1982 as stated in his complaint, his efforts fail. To state a claim under 28 U.S.C. § 1343(3) or 42 U.S.C. § 1983, a plaintiff must show that the defendant acted "under color of any state law." 28 U.S.C. s 1343(d). To satisfy the state action requirement, "the party charged with the deprivation must be a

person who may fairly be said to be a state actor...because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).  Thus, plaintiff must assert that a state or local officer acting under color of state law violated a constitutional or other federal protected right. *Montgomery v. City of Ardmore*, 365 F.3d 926 (10th Cir.  2004); *Howard v. State Dep't of Hwys. of Colo.*, 478 F.2d 581 (10th Cir. 1973).

The sole Defendant in this matter is identified as a landlord.  There are no allegations that he is a state actor. There are no allegations that would support the conclusion that the government played a part in his constructive eviction from his mobile home.  Rather, Defendant's conduct, as alleged by the Plaintiff, is conduct of a private individual.  Private conduct, no matter how discriminatory or wrongful, may not be redressed by a claim pursuant to 28 U.S.C § 1343(3) or 42 U.S.C. § 1983.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Moreover, Plaintiff has not established diversity jurisdiction.  The Court must examine the face of the complaint to determine whether a party has adequately presented facts sufficient to establish diversity jurisdiction.  The party asserting jurisdiction must allege facts essential to show jurisdiction. *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993). Thus, the complaint must allege that the plaintiff and defendant are citizens of different states and that the amount if controversy is greater than $75,000.  28 U.S.C. § 1332(a).  Plaintiff is a citizen of New Mexico.  Complaint, ¶2.  Plaintiff has made no allegations regarding Defendant's citizenship.  As the Defendant is identified as a landlord for a mobile home in Edgewood, New Mexico, it appears that Defendant is a resident of New Mexico and diversity citizenship fails.

The Court notes that it has presided over three of Plaintiff's prior lawsuits and all have been

3

dismissed without prejudice. *Elliott v. Greentree Servicing*, 04cv924 ACT/DJS (matter was subject to binding arbitration), *Eliott v. FastBucks*, 04cv1028 ACT/WDS and *Elliott v. Chrysler Financial*, 04cv1432 ACT/RHS (both dismissed on the same grounds as the instant lawsuit). The Court also notes that Plaintiff has filed over twenty (20) lawsuits in the United States District Court, District of New Mexico, since 2003. The Court cautions the Plaintiff that further filing of frivolous lawsuits may result in an Order enjoining the Plaintiff from such filings.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed without prejudice.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**